22-8004 United States v. Kolkman Good morning, Your Honors. Benjamin Miller on behalf of Mr. Chad Robert Kolkman. I'd like to reserve two minutes for rebuttal. Okay, that will be your responsibility. Remand for resentencing is required in this case for two separate reasons, but I'd like to start with the safety valve issue. If Congress meant 3553 F1 to read the way the government wishes, it would have used the word or. It did not. It used the word and, it structured that section as a conjunctive negative proof, and it did so in a way that is consistent with how and and or are used literally every single time in the safety valve. Should we be bothered by the fact that we have circuit courts, a couple and now maybe three, who are going the other way? No, and the reason is, is all that they know is that it is certain the court needs to be aware of and factor in, but although all three of those circuit courts are making the exact same mistake, and a mistake repeated doesn't make it any more correct. What they are doing is exactly what the government wants. They are assuming Congress really meant to use the word or, and there they can tinker and remodel the statute to get that result, and regardless of what Congress may or may not meant, it is not the role for court to start deviating when every other canon of statutory interpretation and the language is so clear. Well, when you go down the road of statutory interpretation, you can almost make anything say anything, right? There are so many canons. Well, there are a number of them, but none of them favor the government, is their problem here, and I would point to... Well, I guess I would challenge that. I think that your interpretation renders a provision superfluous. You know, you can't, if you, if you have a two-point crime and a three-point crime, you obviously have more than four, right? No, that is incorrect. The reason why that is incorrect is because there is an important difference between points and offenses. Congress chose to use those terms differently. F1 makes no sense. It is needlessly redundant if there's no distinction between points and offenses, and Mr. Colquitt's case proves why. He has a three-point offense. If that offense had timed out, he would not also have the four points. You could have timed out offense under 4A1.2, and there's also the single sentence rule. But if his offense is timed out, it gets zero points, and that's the same with the tribal conviction. Under the guidelines, they don't get assigned points at all. That's... Your Honor, I would just disagree. That is not what the guidelines said. 4A1.1 tells us when something is a three-point offense, when something's a two-point offense, and when something's a one-point offense. 4A1.1.2 then talks about when those offense count towards your criminal history points. Nowhere in that stat, nowhere in 4A1.2 or anywhere in the guidelines does it say a three-point offense is no longer a three-point offense. You have to start reading words into the statute, and I just want to point again to F1A, where Congress wrote, more than four criminal history points, excluding criminal history points, resulting from a one-point offense. If there's no distinction between points and offenses, that is needlessly redundant, because you just could have said, more than four criminal history points, excluding one-point offenses. And while I... What do the other courts do with this? Because I think you make a good point on your point argument. So, trying to get them all straight. The Ninth Circuit ruled that it was not superfluous. What I do think is important, I want to point out in the Ninth Circuit, is there is a dissenting opinion in the Ninth Circuit in the Lopez case. But that judge agreed that the text had to be read as and. That judge only said he did agree, he did believe that it was superfluous, but said superfluity alone isn't enough when every other canon weighs against doing it. So I would, one, make the point that even if this court does agree with it, does believe it's superfluous, that alone isn't enough to deviate from plain text. Judge Willard's recent dissent in the Fifth Circuit supports the same reading I just read. Judge Wood's dissent, again, says the same thing. And while in the majorities in the courts that have gone for the government are putting a lot of weight in this superfluous reading, but again, you are, you know, maybe that is what Congress wanted, but that isn't the statute they wrote, that isn't even what the guidelines say. Well, what's our scope of review on this issue? Well, we're under plain error. Okay. Can it be plain error when we have law all over the place from different circuits saying different things? How clear is that? And we've not ruled on this question. Right. So there's no binding court precedent, there's no binding circuit precedent when the Supreme Court has yet to weigh in. So that means it can't be plain, right? Your Honor, I would disagree. Because if, it's obviously, we are on uphill battle for that reason. But the reason we are arguing this is plain error is because the fundamental bedrock principles of statutory interpretation are you start with a text, and means and, and you don't that that was a mistake, violating those, you know, uncontested principles. But what do you do with a phrase that says not if it does not include, and don't we keep reading the not in that list? No, you only do that if you start rewriting, that is the government's MDASH theory. And it has literally zero support anywhere other than the government's desire to use it in this case. But we have cases that talk about applying a the listing. Well, Your Honor, I'm, for those, I apologize, I'm not aware of those. I only know the case the government cites, the one Mitchell case, that one cites nothing for the proposition. Two, the word distribute is not used anywhere in that opinion, nor is any synonym for distribute. What the Mitchell case says is what comes before an MDASH modifies what comes after. We don't disagree with that. Modify only means does not, and then there's a three, criteria. So you apply those. Does your interpretation make any sense? Yes, it does. It does. So there's a reason that someone has a four-point offense and a three-point offense, but they don't have a two-point offense, and so they should fall into the safety valve. But someone who does have a two-point doesn't. I mean, what is the rationale? So the rationale was the entire purpose of the safety valve was to restore discretion for courts to deviate from the mandatory minimums. And under Your Honor's hypothetical, it's the one that the government used in a lot of the courts to the situation where someone has a very extensive criminal history, multiple threes, and God forbid we give that person eligibility. And that makes, knee-jerk, I think does make some sense, exactly the point Your Honor is making. But one of the reasons why our reading makes sense is that person's criminal history almost certainly is going to put them well above the guidelines. That's not the person the mandatory minimum is going to impact. If you look at the sensing table, from Mr. Coltman's offense here, with him having four points, he was a baseline 32, which put him already at 150 months. And so the person with the multiple threes, their sensing guidelines are already likely well above the mandatory minimum. The person the mandatory minimum is really geared towards is the person with the three and the two who maybe is right on that border, but we decide based on your history, based on the fact that you have recent history, based on the fact that you have a more serious felony, and based on the fact you have violence, that makes sense. That is the least rational reason, and it's not enough to deviate. And just two other points on Your Honor's question. One, we were still just talking about eligibility. This is only 20% of the safety valve. It is not all of it. And what that is consistent with is the purpose of the safety valve was to take some of the impact of criminal history from the impact of mandatory minimums. It was to put more of the emphasis on F2, F3, F4, and F5. And as Mr. Colquitt's case says, if you choose the government's reading, you are now doing exactly what was happening before. You're having someone with a single 13-month sentence, and we put this in our applied brief for how easy that is to achieve. A single 13-month sentence from 14 years ago, 11 months and 364 days, that means that person has to be given 10 years. That is completely contrary to the entire reason the safety valve was done. And so they're reading... You can always march out examples. I mean, that's the nightmare that the guidelines have placed the courts in, not to editorialize. I agree with that 100%, Your Honor, but I think that's why there are these examples of things Congress never might not have ever wanted on either end of the spectrum, and we shouldn't pick which one we think. Maybe we should talk about your second issue. Okay. As to the second issue, Your Honor, it was the government's burden to prove that that three-point offense happened within the window. They relied only on relaying hearsay from an informant. That hearsay was vague, it was stale, and it was uncorroborated. What was the content of that informant? All we learned was the detective testified at the time, and that informant said he had purchased methamphetamine from Mr. Coltman between June 2019 and December 2019. Does it matter that the witness knew this informant from prior instances of working with him and said that he had in the past been reliable? It is, of course, a factor, but it's not enough to make up for a completely vague statement six months after the relevant time period that not a single detail that would support that he was actually buying drugs is corroborated. Is it corroborated by the second witness, the woman who also said that she was purchasing drugs from your client during the same time period? No. That woman's testimony is completely irrelevant because Mr. Coltman pled guilty to a conspiracy to distribute methamphetamine, so the question is, was he involved in this conspiracy during the relevant time period? So that woman's testimony about buying a completely different drug has no bearing on whether there's conduct in this case. Do we have any testimony regarding conspiracy? None. Zero. The only other thing I'll... Did you make that argument to the district court or whomever was in your shoes? The argument for the district court was basically... It was a fight about the timeline and whether there was facts that fell within the timeline. Yeah. But did it get down to, hey, you're talking about a crime, you're talking about maybe distribution when you should be talking about conspiracy? Yeah. And where's the evidence of conspiracy? No. I would agree. That exact, that nuanced point, your point that whether you're distributing drugs doesn't necessarily mean he was involved in this, was not specifically argued below. But the argument below was just that the government did not produce enough evidence to show that his conduct in this case fell within the meaningful time period. So there was an objection, but not that exact objection. Our scope of review on this issue is then what? I would say, was the court clearly erroneous in relying on this hearsay testimony? And we would argue, we've pointed to the federal case, that we don't even have to show that the informant's hearsay was wrong. We just have to show there wasn't enough to show that it was credible. Well, the hearsay evidence that has minimal indicia of reliability can be relied upon at sentencing, right? That's our standard. Yes. Minimum indicia of reliability. Yeah. And this had zero indicia of reliability. And I see my time is running out. And I just, because I was buying drugs during a period, there's no corroboration of that time period. There's no text. It's not even anything. These two cross paths. And all they show is he knew the car and the house. And that does nothing to show that he was actually buying drugs from Mr. Coltman during this relevant time. But was there evidence that he was, in fact, a qualified, confidential informant? That is, he was reliable. He had provided information in the past that had been found to be true. What the detective said is, in addition to this case, he provided, it was a known informant, had provided information in two other cases. One led to an arrest. And again, the last thing I'll say, your point about minimum indicia of reliability isn't a huge standard. We would agree with that. But there has to at least be something here, other than a very vague statement during a window of six months. We don't know what this means. And it wasn't, you know, the government, there were a lot of ways they probably could have done this if it existed. They just didn't meet their burden. And considering the impact it had on this sentence, it is not something that we should be lowering the standard for hearsay reliability when the government put no evidence on to show that his conduct in this conspiracy began during the relevant time period. Thank you. Thank you. Good morning. May it please the Court. Francesco Valentini for the United States. The District Court correctly determined that the defendant's three-point offense for drug trafficking made him ineligible for the safety valve. At a minimum, the Court did not plainly err in finding so, as the defendant will have to show to prevail in appeal. The statute's text, but especially the structure and the context established that the safety valve, as amended by the First Act, is limited to defendants who do not have any of the disqualifying criminal history eligibility criteria in subsection F1. That's not what it says, right? If you look at the plain language, it says the defendant does not have A, B, C, and. A, B, and C, right? That's correct. And the fact that Congress used the connector and only asked the important question, as the Eighth Circuit has said in analyzing the same problem, it does not answer the critical question. The critical question is not whether the word and is conjunctive. We agree, at least as a top line, sort of first line of argument, we agree that the word and is generally conjunctive. The question, however, is what does the word and conjoin as used in this provision? Does it conjoin fully formed criminal history requirements? The fact that the defendant does not have more than four criminal history points, the fact that the defendant does not have a three-point offense, the fact that the defendant does not have a two-point violent offense, or does it conjoin some snippets of language which don't have any standalone force? Or to put it differently, the important question presented, as the Eighth Circuit phrased it, is whether the word and, in its conjunctive meaning, is distributive or joint. And that is a question that detects the abstract logic itself. The word and does not answer. That is a question that only the context and the structure of the statute answer. And as to those... Well, do we have, according to your colleague or your friend, there's no case law that says anything about taking the introductory phrase, because it has two em dashes, and applying it to each part of the list below. In our brief, we advance several arguments. The em dash argument, the structural, formal punctuation argument, is one of the elements that we point to. We think that the Sixth Circuit case that we cite, and that was just discussed before by my friend on the other side, does support our position. It's also, I think, a question of sort of common English usage. When a writer uses punctuation that clearly separates the prefatory clause from a series of dependent clauses, it is a signal to the reader that the reader has to go back for each one of the dependent clauses and check it against the prefatory clause. It's just how we use the English language, and the Sixth Circuit decision that we cite in our brief supports that position. But I would also point, Your Honors, to other indicia that other... Well, before you go to other indicia, are there any cases from this circuit or the Supreme Court that adopt your methodology for interpreting this provision? As to the specific reliance on the em dashes, I am not aware of one. Okay, and what about in taking the negative phrase and distributing it to each of the following list? I don't think there is a case that is particularly addressed... A case from the Supreme Court or the circuit that specifically addresses this question. There is, of course, a body of law that is developed in this particular instance, as well as in other contexts, which does support the use of and in some occasions. And that's not our frontline argument, but in some occasions as a disjunctive, right? We cite, for instance, the Supreme Court case in United States v. Fisk that says, sometimes, and does have a disjunctive meaning. So there is certainly precedent for that secondary argument that we press. As to the distinction, the nuanced distinction between a distributive use as opposed to a joint use of and, I think we are looking to precedent in other circuits, as well as from treatises and dictionaries and other sources. Do we have any petitions for cert in these cases? There is a petition for cert for certiorari pending in the Pulsifer case out of the Eighth Circuit. If I can point to the other, to the authorities that do answer the question, the question, the textual question, and those are the canon for, again, surplus search. Well, let me stop you there because we just discussed this. And your argument is, if you have C and you have B, you've got five points. So you don't need A because you're always going to have more than four points. That's your argument, right? So if you interpreted the way that they're suggesting, you would render sub A superfluous. The response is that you may have criminal history points that aren't counted. If criminal history points from, say, a tribal conviction or for one that's outside the time limit, and so you may have a three and a two that doesn't get counted to the compilation of four, I'm hoping I'm getting that argument correct. Yeah, so that argument has been advanced in some other cases, and the defendant has also adopted it in this case. Let me just note, as a matter of this particular case, it is curious to hear the argument in this particular case, because on page three of the reply, the defendant also argues that he should be eligible for the safety valve because his convictions are too old, so they don't count. His 2000 conviction would not count under subparagraph B. So there's some contradiction there. Aside from this particular case, that theory does not work. Yeah, and as I understand it, I think the argument is that while they don't count under this, they do have criminal history points. And so we look at the offense differently than the points is, I think, the argument. Right, but under that theory, they will still count under subparagraph B, but in this case, if they do count under subparagraph B, that would itself make the defendant not eligible for the safety valve. But going back to the response that has been advanced in other courts, the provisions, each one of the subparagraphs here clearly directs courts to carry out the computation as determined under the sentencing guidelines. And the sentencing guidelines in 4A1.1 and 4A1.2 are crystal clear. There's no such thing as a three-point offense that does not score points under the guidelines. That's just an incoherent concept. What the guidelines direct sentencing courts to do is to add points only when an offense, rather a sentence of imprisonment, counts towards the guideline. That's what it means for an offense to have points in the first place. Do you see any significance to the fact that B refers to a three-point offense and C refers to a prior two-point violent offense? C only limits the type of offenses that are under scrutiny under this particular subparagraph. So they have to qualify as a crime of violence under this definition of crime of violence. But that does not change the... I don't think any significance has been ascribed by my friend on the other side to that qualifier. The fundamental point is that whether an offense scores X points, two points, three points, one point, is a determination that is made as determined under the sentencing guidelines. And again, the sentencing guidelines are clear. There is no such thing as a one-point offense that does not score points under the guidelines. No such thing as a two-point offense that does not score points under the guidelines. What do you say to the second issue? I'm sorry? The second issue on appeal. Oh, I'm sorry. As to the reliability of the testimony by the detective. Is that how we frame that issue? Or do we say, was there evidence to support the district court's finding? I believe that the latter framing is the better framing. I'm not sure exactly how the defendant is framed in this case. I do think that the question that is raised is whether there is sufficient evidence to support the finding, whether the finding is clearly erroneous. Was there evidence that there was a conspiracy that was ongoing that fell within this time frame? Yes. And that subtle distinction that was not raised at all below. So it would be reviewed not just for clear error, but for plain error under clear error. Again, it was not raised below. But the distinction, I mean, the conspiracy... Could we look at the testimony and say we see nothing here that talked about conspiracy? So it's both clear error and plain error? No. No, Your Honor, because conspiracies are always proved. A conspiracy is an agreement. A conspiracy is always proved by, established by... Right. And what evidence do we have of that from these witnesses, the confidential informant and the woman, as she's been referred to? Right. We have, we know, we have conclusive admission that the defendant was engaged in a conspiracy as of about August 2019. There's no reference to conspiracy. All they're saying is we bought drugs from this guy during these particular months. Right. And that is compelling circumstantial evidence that supports the existence of the agreement even before those months. Conspiracies are always, very often, we rarely have, sometimes have, but not invariably have direct evidence of an agreement. We often rely, and the Supreme Court has made this clear time and again, to prove the existence of an agreement, we rely on the defendant's actions. And here the actions are consistent and corroborate... The actions are distribution of drugs. Correct. Which corroborates and confirms the fact, it supports the fact that the agreement, the conspiracy to distribute drugs, is a conspiracy to distribute drugs that the defendant pleaded guilty to, existed not just as the defendant admitted by pleading guilty as of about August 2019,  The government is not required to prove... Maybe he was just selling drugs before that, and then didn't really get into a conspiracy with other people to sell drugs, kicking it up to a bigger business until later. That could be a factual argument, a candidly pretty weak one. You have the burden, don't you? Yes, that's correct. But I would like to underscore that the burden of sentencing is by preponderance at the end. This is not beyond a reasonable doubt. So while that factual issue could have been raised, the specific argument could have been raised and it wasn't raised. It will be subject to proof by a preponderance of the evidence in the district court. And here on appeal, the timing issue being a factual question will be subject to clear error review. There is ample... Going to the reliability questions that were raised on appeal, there's ample evidence that supports and corroborates the detective's testimony and the reliability of the testimony that reported the informant's information. The informant, as your honors have pointed out before, had provided information before. That information had, quote, always... He had, quote, always given information that was determined to be accurate and reliable. There were rather detailed corroborating elements about the defendant's involvement that were provided by the informant that the detective was able to corroborate. The defendant also did not have an obvious motive to lie because although he was a methamphetamine user and had been in trouble in the past, he was not a pain informant and was promised no special treatment with respect to this particular information. He was making statements against his own penile interest. And importantly, the defendant himself corroborated the crux of the informant's information, which is he pleaded... After February 2020, the defendant pleaded guilty to conspiracy to distribute methamphetamine. The only question here is the timing issue. And as to the timing issue, circumstantial evidence, such as actual trades that predated the particular time period specified in the indictment, are, your honor, probative of the timing of the offense. Is the interview with the woman, the second informant, at all helpful when it's a different drug? I mean, there's no evidence to suggest that the conspiracy was multiple substances, is there? The conspiracy that was charged in the indictment was limited to methamphetamine. It is tangentially corroborative of the information provided by the informant, but we will not be here relying exclusively on that information if that answers your honor's question. The court has any further questions, we would ask the court to affirm. Thank you. On the second issue, just on the idea that Mr. Cochran pled guilty and the impact of that, I agree with the government that the only question here is the timing, but his statement at the plea hearing was he wasn't involved the entire time. So that doesn't really help here as to timing because there was no follow-up to that. And on the MDASH issue, on issue one, I'll point to Judge Willett who says, the MDASH theory the government used has the benefit of obscurity. It's not anywhere. It's contradicted by the Senate drafting manual. And I'll just urge this court to- Isn't then the answer to say it's not plain? No, your honor. I mean, we don't have to decide the first issue, whether it was error, right? Correct. But this is obviously an issue of importance. It's a court-made error. It's an issue the district courts throughout the circuit need guidance on what to do. And so if this court was to think it was error, it is an error worth addressing. When we're just talking about remanding for resentencing, and we just ask this court to follow the words of the Supreme Court in Bostick, that when the text is plain, it's no contest what courts should do. Apply the word to Congress wrote. Thank you. We will take this matter under advisement.